9453

CORDELE v. HAMPTON COTTON MILLS CO.

(89 S. E. 498.)

1. MASTER AND SERVANT—SAFE PLACE TO WORK—SUFFICIENCY OF EVIDENCE—PROXIMATE CAUSE.—Where a servant received injuries to his hand in the cogwheels of a machine in defendant's cotton mill, when he was ordered to clean and soap the belt, and it appeared that he was an experienced mill hand on precisely the same work, and there was nothing to show any negligence on the part of his superior in directing him to do the work, any hidden danger, or any danger not known to him, and that if he had stopped the machinery he could have carried out his orders with safety, knowing that the belt was loose and the danger of doing the work without stopping it, and there was no assurance of safety or any emergency, there was no negligence of the defendant operating as a proximate cause of the injury.

2. MASTER AND SERVANT—SAFE PLACE TO WORK—ORDER OF SUPERIOR—CONSTRUCTION.—In such case, the order of plaintiff's superior to keep the machine going until he could get there meant only that the

machine was to be kept at work, and did not mean that plaintiff could not stop it for the time necessary to clean and soap the belt.

3. Master and Servant—Safe Place to Work—Assumption of Risk.—An experienced mill operative ordered to clean and soap a belt of a machine and to keep it going until his superior could get there, where the work could have been safely done by stopping the machine, and who knew that the belt was loose and the dangers of the work, in the absence of any assurance of safety or any emergency assumed the risk of cleaning and soaping the belt while the machine was in motion.

4. Master and Servant—Repair of Machinery—Contributory Negligence.—In such case, plaintiff did not exercise the care and caution that, in view of his experience in working in mills and about similar machinery, he should have exercised.

5. Master and Servant—Obedience to Order—Contributory Negligence.—A servant must exercise common sense in obeying the reasonable orders of his superior, if he knows it to be dangerous and likely to cause injury to himself.

6. Master and Servant — Contributory Negligence — Method of Work.—When there is a safe way and an unsafe way to do a thing, the servant doing it must adopt the safe way.

Before Wilson, J., Columbia, March, 1915. Reversed.

Action by J. D. Cordele against the Hampton Cotton Mills Company. Judgment for plaintiff, and defendant appeals.

*Messrs. Elliott &` Herbert* and *Haynsworth & Haynsworth,* for appellant, cite: *As to assumption of risk:* 86 S. C. 69 and 116; 89 S. C. 505; 80 S. C. 238; 72 S. C. 243, 282 and 386; 72 S. C. 348. *Pure accident:* 72 S. C. 398; 2 Labatt Master & Servant, sec. 837; 20 Fed. 555; 179 U. S. 263; 86 S. C. 131. *Contributory negligence:* 86 S. C. 72. *Charge as to:* 70 S. C. 328; 72 S. C. 174; 89 S. C. 390. *Direction of verdict as to punitive damages:* 79 S. C. 211; 84 S. C. 483; 83 S. C. 87; 91 S. C. 305; 99 S. C. 421. *Safe appliances:* 69 S. C. 109 to 110; 72 S. C. 421. *Reversible error in charge:* 1 Brickwood's Sackett Instructions to Juries, secs. 174 and 191; 11 Enc. Pl. & Pr. 146, 148; 91 S. C. 235; 96 S. C. 16; 98 S. C. 52 and 272.

*Messrs. John J. McMahan* and *Wm. H. Townsend,* for respondent, cite: *As to wilfulness on part of master's representative:* 101 S. C. 85; 102 S. C. 75 and 222. *Promise to remedy defect:* 102 S. C. 275; 36 Sup. Ct. Rep. 182. *Proximate cause:* 72 S. C. 404; 66 S. C. 72; 80 S. C. 236, 237. *Assumption of risk:* 36 Sup. Ct. Rep. 182; 102 S. C. 224. *Duty to provide safe place:* 80 S. C. 236; 89 S. C. 389; 101 S. C. 84. *Master's representative not fellow servant:* 72 S. C. 348. *Instructions:* 73 S. C. 503; 86 S. C. 133. *Issue for jury:* 55 S. C. 101; 53 S. C. 363; 233 U. S. 504; 102 S. C. 280. *Contributory negligence:* 82 S. C. 549; 89 S. C. 390. *Assumption of risk:* 36 Sup. Ct. Rep. 182.

July 11, 1916.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This was a suit for damages by the plaintiff against the defendant. The plaintiff's right hand was mangled in the cogwheels of a machine in defendant's mill, in which mill plaintiff was an operator. After issue joined, the case was tried before Judge Wilson, and a jury, at the Richland county term of Court, 1915, and at the close of the plaintiff's testimony a motion was made for a nonsuit by the defendant, which was refused. When all of the evidence was in, a motion was made by the defendant for a directed verdict, which was refused by the Court, and the case was finally submitted to the jury and resulted in a verdict in favor of the plaintiff for the sum of $1,700, upon which judgment was entered and defendant appeals.

Exceptions 1, 2 and 3 allege error on the part of the Court in refusing defendant's motion for nonsuit or direction of verdict on the ground that there was no evidence of negligence on the part of defendant operating as a proximate cause of the injury complained of, and that the evidence is susceptible of no other inference than that the plaintiff's negligence contributed to the accident as the proximate cause

without which the same would not have occurred, and that the evidence admitted of no other conclusion than that the plaintiff assumed the risks from which the injury resulted. The specifications of negligence and wilfulness as set out in the complaint are: Requiring plaintiff to do dangerous work with his hands, and furnishing him with a slack belt, which gave too easily, and in not casing or inclosing the dangerous gearing.

The evidence shows that Fry, under whom the plaintiff worked, told the plaintiff to clean the belt and put soap on it. The evidence shows that the plaintiff was an experienced mill hand, having worked in different mills for a long 1-4 time, and having worked a number of months in another mill, "a slubber," precisely like the one he was operating when injured. There is nothing in the evidence that shows that there was any negligence on the part of Fry in directing the plaintiff to clean and soap the machine. There is nothing to show that there was any hidden danger or any danger at all not known to the plaintiff. If the plaintiff had stopped the machine he would have carried out Fry's orders to clean and soap it with absolute safety. The plaintiff was in absolute charge of the machine when he cleaned it and soaped it. By a movement of the hand he could have almost instantly stopped the machine. When it was stopped he could have carried out Fry's direction and orders with absolute safety. Fry's orders to keep the machine going until he could get there only meant that the machine was to be kept at work, and could not have been construed that he could not stop it for the time necessary to repair it by cleaning and soaping the belt. What was done by the plaintiff was not done in the immediate presence and under the directions of a superior in a matter of imperative necessity. There is nothing in the evidence to show that Fry directed the work to be done while the machine was in motion. It could have been done in safety by stopping the machine; he, plaintiff, assumed the risk of cleaning and

soaping it while in motion and without stopping it.   He did not exercise the care and caution that with his undoubted experiences in working in mills he should have exercised. There is not sufficient evidence to charge the defendant with any of the specifications of negligence alleged that would warrant a recovery by him against the defendant.

The machines furnished were reasonably safe and suitable.   The plaintiff could have stopped the machine and done the work in safety, yet he started the machine and then proceeded to soap the belt.   He knew the danger in moving gears and the machinery; he knew the location of the gears; they were in plain view when he reached for the belt to soap it.   He knew that the belt was loose, for he had reported that fact to Fry when he discovered it.   He knew all the conditions and dangers, yet he did not stop the machine. There is nothing to show any difference of opinion between the master and servant in regard to the risk involved; no assurance of safety.   There is no emergency shown or that Fry or any other representative of the master was present. It will not do to say that, simply because Fry directed him to do the work and keep the machine going until he, Fry, got there, he was not to exercise care and caution on his part in doing the work.

A servant must exercise common sense in obeying the reasonable orders of his superior, if he knows it is dangerous and that it is likely to end in injury to himself; then his primitive instincts should forbid his doing it.

When there is a safe and unsafe way to do a thing it is obvious that the party doing the work must adopt the safe way.   The evidence shows that the plaintiff could have stopped the machine and done the work safely and knew this, yet adopted the unsafe way and attempted to do it while the machine was in motion, and assumed the risk involved in the way he had selected.

There is no evidence in the case showing negligence or wilfulness on the part of the defendant operating as a proximate cause of the accident.

The Circuit Judge was in error in not directing a verdict for the defendant upon the grounds made before him, and the judgment is reversed and the complaint dismissed.

Judgment reversed.